Dykman, J.
—This action was commenced for the foreclosure of twelve mortgages, executed to the plaintiff by Francis I. McMahon.
Leonard Moody received a conveyance of the premises before the commencement of this action from Henry Lansdell and wife, but the grantor of Lansdell is not disclosed by the case. That omission, however, is quite unimportant now.
The defendant McMahon, the mortgagor, and Moody, the owner of the equity of redemption, suffered a default, while the Lansdells defended the action.
The mortgages were made to secure $102,500 in the aggregate, but the money was not all furnished. It is to be gathered from the whole record that the money was advanced from time to time to Henry Lansdell, who was erecting twelve houses upon the mortgaged premises, until he became embarrassed and was unable to proceed with the building. Then by consent and acquiescence of the plaintiff, a conveyance was executed by Lansdell and wife to Moody, who undertook to complete the buildings and sell the property, and pay any surplus arising from the sale to Lansdell. In pursuance of that arrangement Moody finished the buildings, but has not sold them.
The plaintiff seeks to foreclose the mortgages for the collection of the amounts actually advanced by him at different times.
The defense of the answering defendants is quite indefinite, but seems to be founded mainly upon the theory of merger. That theory is evolved from the fact set up in the *374 answer, that the premises were conveyed to Moody as the agent of the plaintiff in satisfaction of the mortgages.
The main difficulty with this defense is, that it rests on assertions entirely unsubstantiated by any proof. The plaintiff .denied the existence of any such agreement, and Moody testified that he was to pay the plaintiff his money back and interest, and pay himself for his services and all his expenses, and if there was anything left Mr. Lansdell was to have it.
That accords with the testimony of the plaintiff. Henry Lansdell was not sworn as a witness, but his father, Henry S. Lansdell, gave testimony to the same effect in substance, and failed to contradict the other witnesses in any material respect. ,
The defense, therefore, was a failure, and the trial judge found all the facts for the plaintiff, and ordered judgment in his favor. Instead of computing the amount due upon the mortgages in court, however, that computation was made by a referee appointed by the court for that purpose, and upon his report and the findings of the trial judge the judgment appealed from was entered.
The contesting defendants have appealed from the judgment, and they desire to review the order of reference, and their claim seems to be that the order of reference was irregular and improper. The answer to this contention is, that the trial and findings of the court decided the issues made by the answer, and then as the money had been advanced upon the mortgage at different times, and the computation of interest would occupy much time and involve great detail of calculation, a reference was ordered to save time of the court, and to aid the court in that respect. Then the judgment was subsequently ordered upon the findings and decision of the court, and the report of the referee.
No error is discovered in the proceedings, and the judgment should be affirmed with costs.
Barnard, P. J., and Pratt, J., concur.